RAÚL LABRADOR
Attorney General

MATT K. STEEN, ISB # 10285
Deputy Attorney General
State of Idaho
Department of Insurance
700 W. State Street, 3rd Floor
P.O. Box 83720
Boise, Idaho 83720-0043
Telephone: (208) 334-4204
Facsimile: (208) 334-4298
matt.steen@doi.idaho.gov

*Attorneys for the Idaho Department of Insurance*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In the Matter of:<br><br>UNITEDHEALTHCARE OF THE ROCKIES, INC., and CARE IMPROVEMENT PLUS SOUTH CENTRAL INSURANCE COMPANY,<br><br>     Plaintiffs,<br><br>vs.<br><br>DEAN CAMERON, in his official capacity as Director, Idaho Department of Insurance,<br><br>     Defendant. | Case No. 1:25-cv-665-DCN<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [DKT. 21]** |

## INTRODUCTION

As a preliminary matter, the Department must parse from the Plaintiff's opposition that which is material from that which is not. Several times throughout its Memorandum in Opposition, UHC mentions a matter that is neither before this court, nor in any way material to this proceeding: the administrative complaint the Department filed against UHC on December 1, 2025. The

Department has tried repeatedly—in vain—to convey to both UHC and PCHP that the administrative complaint against those entities for ignoring a lawful order of the Director under Idaho Code § 41-247 is wholly unrelated to the cease and desist order.

UHC repeatedly mentions that separate, unrelated matter in its opposition, but that proceeding has no bearing on the matter before this court. The only ones who seem to grasp that are the Department and this Court, which has already ruled against PCHP in its motion for clarification which sought to enjoin the Department from enforcing that action by attempting to lump it in with the cease and desist. That matter is pending before Idaho's Office of Administrative Hearings.

Because that administrative action has nothing to do with this federal court action, the Department will not address UHC's arguments that mention it throughout its Reply.

## ARGUMENT

### I.    None of the Department's actions stem from an impermissible attempt to regulate Medicare Advantage Plans.

The heading immediately above is a deliberate rhetorical inversion of the one Plaintiff used in its opposition. UHC makes the inverse statement in its memorandum but presents no argument as to how Medicare Advantage *plans* are affected by the Department's regulation of MA *carriers*. Nor does UHC dispute that the Department has jurisdiction over Idaho-licensed carriers.[1]

The Supreme Court made it clear that a state's regulation of a Medicare *plan* must be central in analyzing the disputed regulation. *In Mulready*, the Tenth Court of Appeals began its preemption analysis by stating: "[r]esolving this dispute requires us to decide when a state law acts 'with respect to' Part D plans."[2] It then stated: "[t]he answer lies in the preemption clause's plain

---

[1] See Idaho Code § 41-306A.
[2] *Pharm. Care Mgmt. Ass'n v. Mulready*, 78 F.4th 1183, 1205 (10th Cir. 2023), <u>cert. denied,</u> 145 S. Ct. 2843 (2025)

wording", as that was the best way to determine Congress' intent. The preemption statute in the *Mulready* case was the same at issue here: 42 U.S. Code § 1395w-26(b)(3). A review of the "plain wording" of that statute reveals the obvious: that preemption is intended for those statutes that impinge on a *plan*, not the conduct of insurance companies. The *Mulready* case dealt with that type of conflict.

The nature of the Oklahoma law the Tenth Circuit struck down is pivotal to this Court. The Oklahoma statute, the "Patient's Right to Pharmacy Choice Act," "establish[ed] minimum and uniform access to a provider and standards on prohibitions on restrictions of a patient's right to choose a pharmacy provider."[3] In short, it required PBMs (pharmacy benefit managers) to comply with retail pharmacy network access standards, one of which was an any willing provider (AWP) provision. Oklahoma was attempting to force Medicare Part D providers to tailor their *plans* (as pertaining to pharmacy access) in a specific way to comply with state law. It cannot be disputed that pharmacy network access (and forcing pharmacies to accept certain providers) is pivotal to and central to the constitution of a health plan.

A complete and objective application of 42 U.S. Code § 1395w-26(b)(3) leads to one conclusion: the DOI's actions are not preempted. The *Mulready* court applied the statute's *entire* "plain wording" to Oklahoma's statute. This Court should do the same. In doing so, UHC's challenge fails at "with respect to MA plans." To skip that important part of the statute while focusing on "state licensing laws or state laws relating to plan solvency" is not an honest study.

The *Mulready* court left no doubt that it indeed evaluated the entire "plain wording" of the preemption statute in making its decision:

---

[3] *Id.*, at 1190.

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS - 3**

The AWP Provision regulates "with respect to [Part D plans]" because it establishes a rule that governs PBM pharmacy networks for Part D plans.[4]

That Oklahoma's statute sought to directly regulate the makeup and offering of an MA plan is a critical part of the *Mulready* court's holding and must be with this Court's decision as well. The Department has not attempted to act offensively by breaching the sanctity of an MA plan, but defensively to prevent certain actions of an insurer. Throughout its objection to the Department's motion to dismiss (and all its pleadings), UHC incorrectly accuses the DOI of attempting to "regulate MA plans." This is an important accusation upon which the outcome of this case turns. It is part of the "plain wording" that must be analyzed to determine if UHC, *the carrier*, is awarded the same statutory protection as the *plans* it administers. It does not.

This recurring statement deserves the same scrutiny from this Court that the *Mulready* court applied to Oklahoma's statute.

## II.    UHC must exhaust its administrative remedies.

UHC cursorily states in its opposition that Idaho's APA "is not applicable here." That is not true. This failure to take into account the APA deserves close attention. Idaho Code § 67-5240 states:

> CONTESTED CASES. A proceeding by an agency other than the public utilities commission or the industrial commission that may result in the issuance of an order is a contested case and is governed by the provisions of this chapter, except as provided by other provisions of law.

The Department (an Idaho agency) has issued an order; therefore, it is a "contested case" for purposes of the statute. It is therefore "governed" by the Idaho Administrative Procedure Act. The only exceptions are proceedings by the Idaho industrial commission or the public utilities

---

[4] *Id.*, at 1208.

commission. Herein lies the "clear statutory command" that UHC exhaust its administrative remedies.

This is not, as UHC characterizes it, an instance of "a state statute…impos[ing] conditions on claims arising under federal law" and is therefore not comparable to *Hook v. Arizona Dept. of Corrections*. This is a proceeding instituted by an Idaho agency, over which Idaho's jurisdiction is well established. The proceeding is and always was rooted in state courts. Since the APA applies to agency actions like the one the Department instituted against UHC, the APA's exhaustion statute applies, requiring UHC to exhaust its remedies in Idaho courts.

The statutory command to exhaust remedies in Idaho is clear.

The Department did not make the argument for prudential exhaustion of remedies because it does not need to given the obvious statutory requirement. UHC makes the Department's case for prudential exhaustion without realizing it. In the *Weinberger* case, the Supreme Court's three purposes for administrative exhaustion are met here: 1) avoiding "premature interference with agency processes" by giving the agency "an opportunity to correct its own errors," 2) allow certain agencies to bring their "experience and expertise" to bear on any technical factual issues involved, and 3) to ensure the record "is adequate for judicial review."[5]

UHC incorrectly assumes that any further indulgence with state proceedings is futile as the Department has made up its mind and will not listen to reason, but UHC has made a fatal assumption. Had the Department been permitted to follow through with *enforcement* of the cease-and-desist order, any alleged violations of the cease and desist would be heard before Idaho's Office of Administrative Hearings (OAH), not the Department itself. Therefore, UHC's claim that administrative proceedings would be "futile" are unwarranted.

---

[5] 422 U.S. 749, 765 (1975).

The Department's intention to have a more detached decision maker decide the issue is illustrated in the DOI's subsequent actions in the unrelated actions against UHC (and PCHP) for violating the Director's inquiry under Idaho Code § 41-247. Those cases have been referred to the OAH. *See Exhibit A*.

UHC also minimizes the factual disputes in this controversy. This dispute cannot be distilled to a mere "pre-emption" challenge. There are factual disputes as to whether UHC is in reality hiding its products from consumers, or whether UHC is steering consumers from its products by reducing or eliminating broker commissions. The OAH is qualified to preside over these proceedings.

**A. The duty to seek judicial remedies available in state court is inseparable from exhaustion.**

It is not "fundamental error" to assert that UHC must seek judicial review of an agency's (or the OAH's) action in state court. Nor is it a "preclusion trap." In the *Jamgotchian* case UHC cites, the aggrieved party sought redress under a federal statute, 42 USCA § 1983. That statute has an express guarantee of a federal forum "for claims of unconstitutional treatment at the hands of state officials."[6] UHC can claim no such guarantee. Nor has UHC argued Idaho's courts cannot properly adjudicate its preemption claim.

Despite UHC's claim to the contrary, this is a state action. It is a regulatory action taken by a state against an insurer licensed in Idaho, over which the DOI has jurisdiction. Though UHC's defense to the DOI's action is based on a federal preemption claim, the genesis of this controversy is state administrative action. As such, the APA applies.

---

[6] *Knick v. Twp. of Scott, Pennsylvania,* 588 U.S. 180, 185, 139 S. Ct. 2162, 2167, 204 L. Ed. 2d 558 (2019)

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS - 6**

The APA dictates that if UHC does not like the OAH's decision, it must seek review from state court:

Except when required by other provision of law [which does not exist in this instance], proceedings for review or declaratory judgment are instituted by filing a petition in the district court of the county in which:

(a) The hearing was held; or
(b) The final agency action was taken (other subsections omitted)[7]

It has already been demonstrated above that the APA applies and provides the "clear statutory command" for UHC to exhaust its administrative remedies. To ignore the APA's mandate to seek judicial review in state court is to abandon the exhaustion doctrine midstream. Both UHC and PCHP have redress with the OAH. Though the Department is not obligated to do so, it has brought the current, unrelated enforcement actions against those parties to the OAH. It had planned to do the same with enforcement of the cease-and-desist to obviate the clear concern of having a Defendant in another action adjudicate a related action involving that Plaintiff. Lastly, either UHC or PCHP is free to petition the OAH to hear a case against the Department to alleviate any concerns of "futility" or bias.

The OAH's competency to hear UHC's claims also makes moot the Plaintiff's argument that "proceedings before the Department of Insurance are constitutionally void."

### III. This Court should abstain from exercising jurisdiction over this matter and preserve Idaho's judicial sovereignty.

UHC argues against abstention while offering a brief cite of *Roshan v. McCauley*[8], a 2025 9th Circuit case the Department cited in its motion to dismiss. UHC cherry picks the appeals court's opening dicta that abstention is the exception, not the rule, but neglects *Roshan*'s ultimate holding that supports the Department's position and argues for abstention. The facts in *Roshan* and the

---

[7] Section 67-5272, Idaho Code.
[8] 130 F.4th 780 (9th Cir. 2025).

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS - 7**

cases involving UHC and PCHP are nearly identical. The *Roshan* court emphasized that administrative actions such as the one the Department has undertaken are particularly off limits to intervention by federal courts:

> "lower courts have been virtually uniform in holding that the *Younger* principle applies to pending state administrative proceedings in which an important state interest is involved." Indeed, since *Sprint*, our sister circuits have continued to abstain from state administrative proceedings dealing with licensing and disciplinary matters in particular.[9] (internal citations omitted)

UHC also unsuccessfully argues that there is no ongoing state proceeding. The Department does not contend that there are "hypothetical" administrative actions. UHC appears to argue that since there has not been an action filed against it with identifiable penalties, there is no action and therefore no ongoing proceedings. This forces the Department into a "procedural trap" of UHC's making and ignores the proper procedure the Department must follow, while punishing the Department for doing so.

The Director's goal was to end all UHC's activities that he felt were harming seniors and limiting their ability to properly choose MA plans. The best way to do that was a cease and desist order. The cease and desist does not have any penalties attached, since it cannot be assumed the party will disobey the order. But absent a revocation of the cease and desist, it is still in effect, therefore the proceedings are ongoing.

Despite UHC's claim to the contrary, the Department has proven its proceedings are quasi-judicial, using the 9th Circuit's standard in the *Roshan* case.

**A. Preemption is not readily apparent.**

The Department has always had the same position: steering clients away from certain products is an unfair trade practice and harms seniors. This is the goal of the Department's cease

---

[9] *Id.*, at 784.

and desist order. Medicare has no regulation concerning this conduct, but the Idaho Department of Insurance does. The Department produced emails from agents whose clients were victims of this behavior. They brought their concerns to the Director for a reason: Idaho seniors are affected and Medicare has no regulation that properly addresses UHC's actions. MA carriers like UHC and PCHP are taking full advantage, to the detriment of a vulnerable population.

If this Court retains jurisdiction over this matter, the Department will be unable to protect Idaho seniors and bring a full proceeding with witnesses, statements, and other evidence to protect its vital state interest.

## CONCLUSION

For the reasons stated above, this Court should dismiss UHC's action against the Director and allow Idaho to decide this matter.

DATED this 7th day of January 2026.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


MATT K. STEEN
Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of January 2026, I caused a true and correct copy of the foregoing REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS to be served upon the following by the designated means:

| | |
|---|---|
| Wendy J. Olson<br>STOEL RIVES LLP<br>101 S. Capitol Boulevard, Suite 1900<br>Boise, ID 83702<br>wendy.olson@stoel.com<br><br>*Attorneys for Plaintiffs* | ☐ First Class Mail<br>☐ Certified Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Email:<br>☒ CM/ECF System |
| Susan Cook<br>Marlan Golden<br>Jacob Young<br>Delia Scoville<br>HOGAN LOVELLS US LLP<br>555 Thirteenth St., N.W.<br>Washington, D.C. 20004-1109<br>susan.cook@hoganlovells.com<br><br>*Attorneys for Plaintiffs, pro hac vice* | ☐ First Class Mail<br>☐ Certified Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Email:<br>☒ CM/ECF System |

Jan Noriyuki
Paralegal